UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
LOS ANGELES, CALIFORNIA

---

In the Matter of

POCIEJ, Michael            File No. A72-322-134

Respondent                 In Deportation Proceedings

---

## MOTION TO REOPEN AND STAY OF DEPORTATION

**COMES NOW**, Michael Pociej, citizen of Poland, by and through her attorney hereby moves for an Order granting a motion to reopen to allow respondent to appear in Court on his suspension claim. In support of such Motion, Respondent states through counsel as follows:

1. Respondent was ordered deported in absentia on January 8, 1997. (Exhibit One). On October 8, 1996 Special Agent Renee Prealow issued an Order to Show Cause (Exhibit Two). This is more than seven years after his arrival in the U.S. on October 4, 1989. Thus, at this time Mr. Pociej was eligible for suspension and remains prima facie eligible for this relief. On January 22, 1997 received a letter from Deportation along with a bag and baggage letter from Officer Valverde stating that he had been ordered deported and was ordered to depart.

2. Counsel spoke to Agent Prealow, as well as to District Counsel Paul Moseley, Tami Evans, Bob Thompson and Officer Valverde. Although Mr. Pociej received

**PLAINTIFF'S EXHIBIT NO. 5**

03 0231

**FILED**
FEB 1 2 2003



an Order to Show Cause which was served in person, **he never received any notice of a court date as he was told it would be sent.** Investigation was given a G-28 and was fully aware from this and our conversations with Ms. Prealow that we represented Mr. Pociej, yet Counsel did not receive any documentation from the Court or INS. Mr. Pociej has been calling me regularly since he received his Order to Show Cause which he went into the Investigation Office as scheduled to receive. *Repeatedly, he has been asking for and waiting for a hearing date.* Neither Respondent nor Counsel have moved since this time and neither one was notified of any Court hearing date.

2. District Counsel then requested that the bag and baggage letter be cancelled which it was as I had stated that I would file a Motion to Reopen based on lack of notice. Counsel thought that a Motion to Reopen had been filed, but inadvertently it was not. On April 23, 1997 Officer Valverde sent another bag and baggage letter to Mr. Pociej. (Exhibit Three)   District Counsel Tami Evans very kindly agreed to cancel the   B& B based on INA 242B (a)(2)  since Respondent Mr. Pociej had received no notice of the Master Calendar hearing before the Immigration Judge. Mr. Pociej has not changed his address in the past two years and has received other documents from deportation. The Service must establish by clear, unequivocal and convincing evidence that written notice of the hearing was provided as the time   and place were not given in the Order to Show Cause.

3. Respondent requests an opportunity to be heard on his suspension case and due process in receiving notice. In the interests of fundamental fairness and due process of law, Respondent kindly requests that his Motion to Reopen be granted. Mr. Pociej has a substantial liberty interest at stake- his right to remain in the United States. Suspension of deportation previously contained in 8 C.F.R. 244 is retained under Subpart F of 8 C.F.R. 240 since he was placed into removal proceedings prior to April 1, 1997.

4. A reasonable cause for failure to appear at a hearing *in absentia* is sufficient. *Thomas v. INS*, 976 F.2d 786 (1st Cir. 1992); *Maldonado-Perez v. INS*, 865 F. 2d 328 (D.C. Cir. 1989); *Matter of Haim*, 19 I.& N. Dec. 641 (BIA 1988); *Sewak v. INS*, 900 F. 2d 667, 671 n.9 (3rd Cir. 1990). In light of all the discretionary factors and relief available here, we would request that the respondent be given the opportunity to be heard. This would prevent a gross miscarriage of justice. *Matter of Malone*, 11 I. & N. Dec. 730 (BIA 1966)

5. Mr. Pociej is prima facie eligible for relief since he has seven years of continuous physical presence with no departures from the U.S. between the time he entered the U.S. and the time he was issued an OSC. He is also of good moral character since he has never been charged with or committed any crime and he has always paid his taxes. Thirdly, he will demonstrate extreme hardship based on the factors in *Matter of Anderson*, 16 I & N. Dec. 596 (BIA 1978) Once a date is scheduled for the hearing the Respondent will file a complete fee'd EOIR-40 application with supporting documentation.

**WHEREFORE,** Respondent respectfully requests that the Motion to Reopen be granted to allow Respondent the opportunity to be heard on his suspension claim.

Respectfully submitted,

_____

Robert L. Oswald
Danielle L.C. Beach

Dated: May 16, 1997

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## OFFICE OF THE IMMIGRATION JUDGE
## LOS ANGELES, CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF: | |
| POCIEJ, Michael | In Deportation Proceedings<br>A72-322-134 |
| RESPONDENT | |

**ON BEHALF OF RESPONDENT**
Danielle L.C. Beach, Esq.
Noto & Oswald
1100 New York Ave. N.W
Suite 350 West Tower
Washington, D.C. 20005

**ON BEHALF OF INS**
Asst. District Counsel for INS
Tami Evans
300 N. Los Angeles St. RM. 8501
Los Angeles, CA 90012

### ORDER

Having shown good cause, the Respondent's Motion is hereby granted and Mr. Pociej is scheduled a hearing for the earliest next available date.

DONE and ORDERED this _____ day of _____ at Los Angeles, California.

_____
Immigration Judge Harry I. Gastley

## CERTIFICATE OF SERVICE

CASE NAME:  Michal Pociej

CASE NO:    A72-322-134

I, HEREBY CERTIFY that on this May 16, 1997, I caused to be served a Motion to Amend Pleadings to Adjust Status along with Adjustment Application  (3)

___X___ by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid and causing the same to be mailed by first class mail to the person at the address set forth below.

_____ by causing to be personally delivered a true copy thereof to the person at the address set forth below.

_____ by FEDERAL EXPRESS: AIRBORNE EXPRESS  to the person at the address set forth below.

_____ by telefaxing with acknowledgment of receipt to the person at the address set forth below.

>       Assistant District Counsel Tami Evans
>       U.S. Immigration and
>       Naturalization Service
>       300 N. Los Angeles St. #8501
>       Los Angeles, CA  90012
>       (213) 894-2805

I declare under the penalty of perjury that the foregoing is true and correct.  Executed on May 16, 1997

_____
Danielle L.C. Beach, Esq.
Noto & Oswald
1100 New York Ave. N.W., West Tower,  Suite 350
Washington, D. C. 20005-3934